IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TORINA A. COLLIS, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:23-cv-00073-PX |
| WALDORF TOYOTA, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending in this employment discrimination case are motions to dismiss filed by Defendants Kody Imports II, LLC d/b/a Waldorf Toyota ("Waldorf Toyota") (ECF No. 44); The Used Car Factory/Wholesale Auto Brokers, Inc. ("Wholesale") (ECF No. 45); DARCARS of Branch Avenue, Inc. d/b/a DARCARS Kia ("DARCARS") (ECF No. 55); and Quest Motors, Inc. d/b/a Prize Auto ("Quest") (ECF No. 62).  Also pending are Plaintiff Torina Collis' ("Collis") motions for extension of time.  ECF Nos. 73 & 74.  Collis has not responded to the motions to dismiss, and the time for doing so has passed.  *See* D. Md. Loc. R. 105.2.a.  For the following reasons, the Court grants the motions to dismiss and denies Collis' motions.

**I.     Background**[1]

The Complaint lodges a broadside attack on Collis' former and potential employers for all manner of discrimination.  The Court will address the allegations against each Defendant, as best it can, in chronological order.

Collis was employed as a car salesperson with Waldorf Toyota from April 4, 2016, through her termination on July 19, 2017.  ECF No. 1-1 at 14; ECF No. 1 at 10–11.  Collis

---

[1] The Court accepts the alleged facts as true and most favorably to Collis.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

1

contends her performance there was "outstanding" and that she had been the "oldest, female Caucasian salesperson in [her] work unit." ECF No. 1-1 at 14. As to the alleged misconduct, the Complaint, in its entirety, reads that Collis,

> was subjected to sexual harassment by the general manager Floyd Alexander, hostile work environment, discipline, denied reasonable accommodation after suffering a workplace injury and after filing workers compensation, denied promotion, discharge, retaliation. The Plaintiff was subjected from April 6, 2016 until unlawfully discharged July 19, 2017, and continues to be retaliated against to present.

ECF No. 1 at 11.

From May 2019 to June 17, 2019, Collis next worked for Quest. *Id.* at 11. She contends her coworker, James Johnson, harassed her, and that after she reported the harassment, she was asked to sign a document stating that she would not sue the company. *Id.* Upon her refusal, she was constructively discharged. *Id.*

As to Carmax Auto Superstores, Inc. ("Carmax"), Collis avers that Carmax retaliated against her by failing to hire her because she had pursued discrimination charges against Waldorf Toyota. *Id.* For DARCARS and Wholesale, Collis alleges she had been subjected to sex discrimination and retaliation but provide no facts to make plausible the claims. *Id.* at 8 & 13.

Collis filed suit in this Court on January 10, 2023, ECF No. 1 & 1-1, but the case has not advanced beyond the pleading stage, largely because Collis has sought and received six extensions of time to respond to the pending motions to dismiss. ECF Nos. 52, 54, 65, 66, 68 & 69. When the Court granted the sixth motion, it warned Collis that it would not grant any further continuances "absent a clear showing of extraordinary circumstances supported by evidence, not merely generalized statements of ongoing distress" and that "failure to respond to the motions by January 14, 2025, may result in the Court resolving the motions without further notice." ECF No. 70. Despite this warning, Collis sought two more extensions of time, ECF Nos. 73 & 74.

Quest rightly opposed the motions because Collis has failed to demonstrate good cause for granting further extensions. Thus, the final motions for continuance are denied.

    The Court now turns to the pending motions to dismiss.

## II.    Standard of Review

When reviewing a complaint for sufficiency under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). However, the Court need not "credit a complaint's conclusory statements without reference to its factual context," *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), or "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see Iqbal*, 556 U.S. at 663 ("... the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Because Collis proceeds pro se, the Court must read her pleadings charitably and let all potentially viable claims reach the merits. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a pro se complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

The Court may consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). "An integral document is a document that by its 'very existence, and

not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found, Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp .2d 801, 806 (E.D. Va. 2007)) (emphasis omitted).

## III.   Discussion

### A.   Waldorf Toyota

Waldorf Toyota principally contends that the Complaint fails to make plausible any discriminatory acts sufficient to sustain the panoply of claims against it.  ECF No. 44-1 at 3. With regard to any discriminatory treatment, Collis must allege some facts to make plausible that she is a member of a protected class and was performing her job to the satisfaction of her employer when she suffered adverse employment action on account of her protected status.  *See Grady v. McCarthy*, 2018 WL 3105769, at *17 (D. Md. June 22, 2018); *see also Rorie v. Bd. of Educ. of Charles Cnty.*, 653 F. Supp. 3d 217, 236 (D. Md. 2023) (applying the same prima facie burden for age-discrimination claims).  An adverse employment action is one that "adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment."  *Aly v. Yellen*, 2024 WL 2053492, at *4 (D. Md. May 9, 2024) (quotation omitted); *see also Muldrow v. City of St. Louis*, 601 U.S. 346, 347 (2024) (alleged adverse action must result in a "'disadvantageous' change in an employment term or condition.").

Although the Complaint makes plausible that Collis is a member of a protected class, and that she suffered the adverse action of termination,[2] no facts make plausible that her firing had been on account of her protected status.  *See Burnett v. Aldi, Inc. Maryland*, No. 1:23-CV-00376-JRR, 2024 WL 51129, at *5 (D. Md. Jan. 4, 2024), *appeal dismissed*, No. 24-1990, 2025 WL

---

[2] Although denial of promotion could also constitute an adverse action, *see Abdi v. Giant Food, LLC*, 2016 WL 808775, at *4 (D. Md. Mar. 2, 2016), the barebones allegations as to any supposed failure to promote also cannot survive challenge.

4

303782 (4th Cir. Jan. 27, 2025) ("To allege that an employer acted because of an employee's protected status, there must be some connective thread between the alleged mistreatment and the protected status."). Indeed, the Complaint is wholly devoid of any facts concerning the circumstances of her termination. Thus, nothing makes plausible that Collis' protected status played any role in her firing.

Nor does the Complaint state a retaliation claim against Waldorf Toyota. The Complaint must, at a minimum, make plausible that the plaintiff engaged in protected activity; that the employer took adverse action against her; and a causal link exists between the two. *See Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001); *see also Booth v. Cty. Exec.*, 186 F. Supp. 3d 479, 487 (D. Md. 2016). Causation may be inferred when the adverse action follows close in time to when the employer first becomes aware of the protected activity. *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 126 (4th Cir 2021). By contrast, "a lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two." *Id.* (affirming grant of summary judgment in employer's favor for lack of causal connection where plaintiff was terminated three months after last report of harassment); *see Allen v. Rumsfeld*, 273 F. Supp. 2d 695, 708 (D. Md. 2003).

Although the Complaint avers that Collis had reported Alexander's harassment and then was fired, Collis alleges no facts as to the temporal proximity between the two events. Nor do any other facts make plausible that Collis' termination had been in retaliation for reporting sexual misconduct. Accordingly, the claim fails.

Last as to the disability-related claims, Collis baldly contends that Waldorf Toyota failed to accommodate her disability and discriminated against her on account of the same. As to the

discrimination claim, the Complaint must not only aver that plaintiff suffered from a qualified disability, but that the employer took adverse action on account of that disability. *See Peterson v. Cap. One, N.A.*, 705 F. Supp. 3d 484, 494 (D. Md. 2023). But apart from Collis asserting that she has an unspecified "disability," and that she had been treated badly, the Complaint offers no facts to make the allegations plausible.

As to denial of reasonable accommodations, a complaint must aver some facts that the employer had been notified of an employee's qualifying disability, and that the employer refused to offer reasonable accommodations which, if received, would allow the employee to perform the essential functions of her position. *See Wilson v. City of Gaithersburg*, 121 F. Supp. 3d 478, 484 (D. Md. 2015). Again, the Complaint does nothing more than assert denial of reasonable accommodation without any factual support. Thus, the claim must be dismissed.

### B.    Wholesale and DARCARS

Turning next to Wholesale and DARCARS' motions, the Court confines its analysis only as to the claims that Collis had exhausted in her administrative charges against these Defendants[3]; namely, sex discrimination and retaliation. *See Edelman v. Lynchburg Coll.*, 228 F.3d 503, 506 (4th Cir. 2000); *see also Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (explaining that the formal EEOC charge defines the scope of the lawsuit). As to both Defendants, the Complaint is wholly devoid of any facts that make the claims plausible. Collis does attach to the Complaint her EEOC charges filed against both Defendants, but these, too,

---

[3] Wholesale also moves to dismiss the Complaint pursuant to Rule 12(b)(5) or alternatively for summary judgment in its favor under Rule 56. ECF No. 45. The Court declines to exercise its discretion to treat the motion as one for summary judgment on the limited record before it. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462 (4th Cir. 2012). Because the sufficiency of the pleadings alone is dispositive, the Court also declines to reach the question of insufficient service. *See* Fed. R. Civ. P. 12(b)(5); *Miller v. Balt. City Bd. of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011).

include no facts.[4]  Thus, Wholesale and DARCARS are entitled to summary dismissal of the claims.  *See Newkirk v. Circuit Court of City of Hampton*, No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants).

### C.   Quest

Lastly as to Quest, the Court confines the analysis to the single claim preserved in the EEOC Charge—retaliation.  According to the EEOC Charge, on June 17, 2019, while employed as a salesperson, coworker, James Johnson, "yelled" at Collis, used profanity and threatened her.  ECF No. 1-1 at 11.  "Shortly thereafter," Collis reported Johnson.  As a result, Collis was told that if she did not sign a document giving up her right to "sue Respondent for harassment," she would not be paid.  *Id.*  Collis refused to sign the document and was not paid.  *Id.*  Collis lastly avers that she had not been given a reason for this mistreatment and that she believed she had been "discriminated against with respect to wages and constructive discharge."  *Id.*

The problem for Collis, however, is even if the Court assumes that she was denied payment for reporting Johnson, no facts make plausible that her complaint about Johnson constitutes protected activity under Title VII.  "Protected activity under Title VII includes complaints of discrimination based upon 'race, color, religion, sex or national origin.'"  *Landino v. Sapp*, 520 Fed. App'x. 195, 198 (4th Cir. 2013) (quoting *Balazs v. Liebenthal*, 32 F.3d 151, 159 (4th Cir. 1994)).  "[T]o qualify as protected activity, an employee's complaints must still communicate 'a belief that the employer has engaged in . . . a form of employment discrimination' based on a protected class."  *Chang Lim v. Azar*, 310 F. Supp. 3d 588, 604 (D. Md. 2018) (quoting *Crawford v. Metrop. Gov't of Nashville and Davidson Cty*., 555 U.S. 271,

---

[4] The EEOC charges reference an "enclosed copy of charge of discrimination," but Collis does not appear to have included this enclosure in her Court filing.  *See* ECF No. 1-1 at 8 & 13.

7

276 (2009)).  At best, Collis reported Johnson for using profanity and yelling.  But nothing makes plausible that Collis' encounter with Johnson had anything to do with her protected class.  Merely reporting a colleague's obstreperous behavior does not alone constitute Title VII protected activity.  Thus, the retaliation claim fails and must be dismissed.

**IV.     Conclusion**

For the foregoing reasons, Collis' motions for extension of time (ECF Nos. 73 & 74) are denied.  The motions to dismiss filed by Waldorf Toyota (ECF No. 44), Wholesale (ECF No. 45), DARCARS (ECF No. 55), and Quest (ECF No. 62) are granted, and those Defendants are dismissed without prejudice.

A separate Order follows.

| | |
|---|---|
| April 29, 2025 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |