IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| TORINA A. COLLIS, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:23-cv-00073-PX |
| WALDORF TOYOTA, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM ORDER

This case arises from a discrimination complaint filed by pro se plaintiff, Torina A. Collis, against six corporate defendants over three years ago. ECF No. 1. Shortly after Collis filed suit, she moved to "stay" all proceedings indefinitely. ECF No. 12. The Court granted Collis a 90-day extension to secure counsel but made clear that it would not continue deadlines in the future "absent a showing of extraordinary good cause." ECF No. 13.

After granting extensions of time for service of process, ECF Nos. 11, 17, 20, 23, and subsequent motions to extend time to respond from Defendants, ECF Nos. 28, 32, 39, all Defendants except for Carmax Auto Superstores, Inc. ("Carmax") moved to dismiss the Complaint. ECF Nos. 44, 45, 55, 62. Carmax answered the Complaint on September 9, 2024. ECF Nos. 43.

As to the dismissal motions, the Clerk promptly notified Collis of her right to respond. ECF Nos. 46, 47, 58, 64. Collis instead filed several motions to extend time that the Court granted, ECF Nos. 66, 68 & 69. In granting the extensions based on Collis' claims of mental and physical illness, the Court forewarned Collis that it would not grant further continuances "absent a clear showing of extraordinary circumstances supported by evidence, not merely generalized

1

statements of ongoing distress." ECF No. 70. Ultimately, Collis never responded to the dismissal motions, and the Court dismissed the Complaint against all Defendants[1] except Carmax.

On May 22, 2025, the Court issued a scheduling order as to Collis and Carmax, ECF No. 82, and enlarged the time to complete discovery. ECF No. 88. Discovery closed on December 3, 2025. *Id.* Like she did with the other Defendants, Collis chose not to prosecute her case against Carmax. On July 15, 2025, Carmax served paper discovery on Collis, for which responses were due on August 14, 2025. Carmax received no discovery from Collis, and she would not meet and confer about a reasonable extension of deadlines. ECF No. 99 ¶ 3. Instead, Collis moved for an extension of time file an amended complaint to "join additional parties." ECF No. 89. The Court denied the motion because the proposed amended pleading bore no relation to the current claims against Carmax, discovery was underway, and Collis had shown no good cause to delay discovery further. ECF No. 90.

On September 23, 2025, Carmax moved to compel discovery. ECF No. 91. Collis never responded to the motion, nor did she seek to correct the discovery deficiencies. Thereafter, on December 1, 2025, Carmax moved to dismiss the Complaint against it pursuant to Federal Rule of Civil Procedure 41 for want of prosecution. ECF No. 93. Alternatively, Carmax sought an extension of discovery deadlines stemming from Collis' dereliction in supplying the requested documents and answers. *Id.* The Clerk separately notified Collis of her right to respond. ECF No. 94. Collis never did. Because the motion remained pending, Carmax continued to comply with the scheduling order, timely serving requests for admission and filing a status report with the Court. ECF No. 99 ¶ 6.

---

[1] The Court separately dismissed claims against Defendant Premier Auto Imports, LLC for failure to effectuate service of process. ECF No. 81.

Next, on January 14, 2026, Carmax separately filed a "notice" regarding Collis' continued failure to pursue her case, and renewed its request to dismiss the Complaint with prejudice.  ECF No. 97.  This prompted Collis to file a "Motion for Leave to Cure Procedural Defaults, Reopen Discovery, and Reset Scheduling Order."  ECF No. 98.  In her motion, Collis concedes that she "fell out of compliance" with deadlines, but that her failures were not "willful" because she has experienced "extraordinary personal circumstances," namely, the death of her 34-year-old nephew on January 10, 2026.  *Id.* at 2-3.  Her nephew's passing was the sole reason given for her years' long failure to follow court orders and the rules of discovery.[2]

The Court now turns to the propriety of Carmax's Rule 41 motion.  Under Federal Rule of Civil Procedure 41(b), this Court may dismiss an action for want of prosecution.  Fed. R. Civ. P. 41(b).  The Rule states,

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

*Id.*

"Because dismissal is a severe sanction, the district court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits."  *U.S. ex rel. Curnin v. Bald Head Island Ltd.*, 381 F. App'x 286, 287 (4th Cir. 2010) (citing *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir.1978)).  Before dismissing a case for failure to prosecute, the Court considers "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of

---

[2] Collis also noted an "interlocutory appeal," as to the decision dismissing the other defendants, which the Fourth Circuit dismissed for "failure to prosecute."  ECF Nos. 84, 95, 96.

deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir.1990).

In this case, each factor weighs in favor of dismissal.  First, Collis, who proceeds pro se, has wholly failed to participate in her own case.  She did not respond to Defendants' motions; did not participate in filing court ordered joint status reports; and did not engage with Carmax in the discovery process.  She also has provided no grounds for repeatedly missing court-ordered deadlines.  While the death of her nephew two months ago is tragic, it does not explain her years' long lack of diligence.

Second, Carmax has suffered prejudice.  It has scrupulously adhered to all court deadlines; tried repeatedly to meet and confer with Collis in good faith; and has timely pursued all available remedies.  To that end, Carmax has burned precious resources trying to engage in meaningful discovery, and precisely because Collis refused to participate in this case.

Third, this case suffers from a "drawn out history" of dilatory behavior.  Despite the straightforward nature of the allegations, the matter has been pending for over three years.  At every phase, Collis has failed to meaningfully engage in substance of her case.  And as to Carmax, Collis has done nothing for the last eighteen months.

Finally, nothing suggests that sanctions less drastic than dismissal would elicit Collis' future compliance.  This case is replete with Collis' missed deadlines and refusals to engage in even the most basic exchanges with Carmax.  The Court has warned Collis that lack of compliance may very well end the litigation.  And yet, she remained undeterred.

Accordingly, for the reasons discussed above, the United States District Court for the District of Maryland hereby ORDERS:

1. The Motion to Dismiss the Complaint With Prejudice for Failure to Prosecute, filed by Carmax Auto Superstores, Inc. at ECF No. 93 is GRANTED and the

4

Complaint is dismissed WITH PREJUDICE;

2. Carmax's Motion to Compel Discovery at ECF No. 91 is DENIED as moot;

3. Plaintiff Torina Collis' Motion for Leave to Cure Procedural Defaults at ECF No. 98 is DENIED;

4. The Clerk is DIRECTED to transmit a copy of this Order to the Defendants, mail a copy to Collis and CLOSE this case.


_____3/12/26_____                                    _____/s/_____
Date                                                     Paula Xinis
                                                         United States District Judge

5